IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2025 JUL -8 PM 5:01

LAUREN B. PEÑA, individually and
as next friend of her minor children,
and on behalf of all others similarly situated,
Plaintiffs,

v.   Civil Action No. _____
     1:25CV01067 ADA

THE CITY OF AUSTIN;
HOUSING AUTHORITY OF THE CITY OF AUSTIN;
and JOHN DOES 1–10, in their official and individual capacities,
Defendants.

## CLASS ACTION COMPLAINT FOR CIVIL RIGHTS VIOLATIONS

FOR DECLARATORY, INJUNCTIVE, AND MONETARY RELIEF
(AMERICANS WITH DISABILITIES ACT; SECTION 504 OF THE REHABILITATION ACT; FAIR HOUSING ACT; TITLE 42 OF THE UNITED STATES CODE SECTION 1983; RETALIATION; EQUAL PROTECTION)

## I. INTRODUCTION

1. Plaintiff Lauren B. Peña brings this civil rights action on behalf of herself, her minor disabled daughter and children, and a proposed class of similarly situated residents with disabilities and elderly residents, as well as families harmed by unsafe conditions, residing in housing operated or subsidized by the Housing Authority of the City of Austin, including those receiving housing assistance under Title VIII of the Civil Rights Act of 1968 (commonly known as Section 8) or residing in affordable housing developments managed or overseen by the City of Austin.

2. Defendants have systemically failed to ensure compliance with federal disability access laws, exposing residents to discriminatory housing conditions, unsafe environments, and retaliatory treatment across both public housing and housing assistance programs.

3. This Complaint seeks declaratory relief, injunctive action, class-wide protections, compensatory damages, and federal receivership to remedy longstanding violations of the Americans with Disabilities

1

Act, Section 504 of the Rehabilitation Act, the Fair Housing Act, and the constitutional guarantees enforceable through Title 42 of the United States Code Section 1983.

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction under Title 28 of the United States Code Sections 1331 and 1343.
5. Venue is proper under Title 28 of the United States Code Section 1391(b) as all relevant events occurred in Travis County, Texas.

## III. PARTIES

6. Plaintiff Lauren B. Peña resides at 1638 East 2nd Street, Apartment 401, Austin, Texas 78702. She is the legal guardian of a minor daughter with disabilities and other minor childeren.
7. Defendant City of Austin owns or oversees federally subsidized public and affordable housing properties and is a municipal corporation under Texas law.
8. Defendant Housing Authority of the City of Austin operates public housing and administers Housing Choice Voucher programs and is responsible for compliance with the Americans with Disabilities Act and the Fair Housing Act.
9. John Does 1 through 10 are unidentified agents or employees of the Defendants.

## IV. CLASS ACTION ALLEGATIONS

10. Plaintiff seeks to certify the following class under Rule 23 of the Federal Rules of Civil Procedure:

"All current and former residents, including but not limited to those who are elderly, have disabilities, or reside with a family member who is elderly or has disabilities, in housing operated or subsidized by the Housing Authority of the City of Austin, including affordable housing developments and housing units receiving rental assistance under Section 8 in the City of Austin, who have been subjected to hazardous conditions, denied reasonable accommodations, or retaliated against since the year 2020."

11. The class is so numerous that joinder is impracticable. The class consists of all current or former HACA-affiliated tenants from 2020-present.

12. Class is subjected to discrimination, unsafe conditions, or retaliation.

13. Common questions include: violations of disability rights laws; failure to provide accommodations; retaliation; and denial of access. Common questions include:

    A. Whether Defendants violated VAWA, FHA, ADA

    B. Whether Defendants engaged in a pattern of unsafe housing and retaliatory eviction

    C. Whether Defendant City of Austin failed to enforce codes

    D. Whether Defendant actions contributed to civil rights violations

14. Plaintiff's claims are typical of the class.

15. Plaintiff will fairly and adequately protect the class.

16. Class-wide relief is appropriate under Rule 23(b)(2) and Rule 23(b)(3) of the Federal Rules of Civil Procedure.

## V. FACTUAL ALLEGATIONS

16. Plaintiff and her daughter reside in an affordable housing complex in East Austin subsidized by the Housing Authority of the City of Austin and the City of Austin.

17. Since the year 2020, Plaintiff has submitted multiple documented requests for reasonable accommodations.

18. Defendants denied, ignored, or delayed those requests, in violation of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act.

19. The apartment suffers from black mold, lack of accessibility for individuals with disabilities, and hazardous conditions.

20. While Plaintiff has not personally experienced threats to her tenancy, she has experienced retaliation in the form of delayed repairs and other adverse actions for engaging in protected activity. Additionally,

3

multiple residents in her building have reported threats to their tenancy after asserting their rights under federal disability and housing laws.

21. These practices are widespread and affect similarly situated residents, including elderly and disabled individuals, across public housing, affordable housing, and Section 8 housing assistance programs. In multiple properties operated by the Housing Authority of the City of Austin, elderly and disabled residents have been trapped on floors above ground level for more than five weeks at a time due to non-functioning elevators. These residents have been unable to leave their units, access food, attend medical appointments, or evacuate during emergencies. An official from the City of Austin's Code Compliance Division has confirmed that such elevator outages and accessibility violations are common across all properties managed by the Housing Authority of the City of Austin.

22. Additionally, homeless individuals have gained unauthorized access to housing properties operated or subsidized by the Housing Authority of the City of Austin. These intrusions have resulted in the presence of drug paraphernalia, including used syringes, discarded pipes, and other hazardous materials, being left in shared spaces, hallways, and near apartment entrances. These dangerous materials are frequently within reach of children and vulnerable residents, creating an unsafe and unsanitary living environment. Residents, including families with young children, live in constant fear for their safety and well-being as a result of these public health hazards and the lack of security enforcement by housing management.

23. Furthermore, Defendants have failed to utilize or implement educational support programs and opportunities for residents, particularly those provided or recommended under the guidelines of the Texas Department of Housing and Community Affairs. These programs are intended to promote resident advancement, self-sufficiency, and educational enrichment. However, at many of the properties operated or subsidized by the Housing Authority of the City of Austin, these programs remain underpublicized, underutilized, or entirely inaccessible—disproportionately impacting children, youth, and working families who rely on federally supported housing. This failure to engage and educate vulnerable populations exacerbates cycles of poverty and housing dependency.

# VI. CLAIMS FOR RELIEF

**COUNT I: Americans with Disabilities Act (Title 42 of the United States Code Section 12132)**

**COUNT II: Section 504 of the Rehabilitation Act (Title 29 of the United States Code Section 794)**

**COUNT III: Fair Housing Act (Title 42 of the United States Code Section 3604(f))**

**COUNT IV: Retaliation under the Americans with Disabilities Act, the Fair Housing Act, and the First Amendment to the United States Constitution**

**COUNT V: Title 42 of the United States Code Section 1983 - Equal Protection and Due Process Violations**

# VII. PRAYER FOR RELIEF

Plaintiff respectfully requests:

a. Certification of the class;

b. Declaratory judgment that Defendants violated federal law;

c. Preliminary and permanent injunctive relief, including compliance with the Americans with Disabilities Act and accessibility in all subsidized housing;

d. Appointment of a federal receiver to oversee the properties and programs;

e. Compensatory and punitive damages for all named and class members;

f. Permanent injunction against future retaliation and unsafe practices;

g. Removal of unlawful evictions from all class member records;

h. Restitution of improperly collected or coerced payments;

i. Enrollment of Plaintiff into the HUD Homeownership Voucher Program in her current precinct;

j. Attorneys' fees and costs under Title 42 of the United States Code Sections 1988 and 12205;

k. Further relief as this Court deems just and proper.

# VIII. JURY DEMAND

Plaintiff demands a trial by jury on all triable issues.

**Respectfully submitted,**
Lauren B. Peña
Pro Se Plaintiff and Class Representative
1638 East 2nd Street, Apartment 401
Austin, Texas 78702
Email: lauren@penalegaladvocacy.org
Phone: (512) 318-1700
Dated: July 8, 2025

## VERIFICATION

**UNITED STATES OF AMERICA**
**WESTERN DISTRICT OF TEXAS**

BEFORE ME, the undersigned authority, personally appeared **Lauren B. Peña**, known to me to be the person whose name is subscribed herein, who, after being duly sworn, stated under penalty of perjury that the above facts are true and correct to the best of her knowledge.

_____
Lauren B. Peña

SUBSCRIBED AND SWORN TO before me on this 8th day of July, 2025.

_____
Notary Public, State of Texas
My Commission Expires: 12/12/2027

Ruby Suarez Barcenas
My Commission Expires
12/12/2027
Notary ID 134678295

6