UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| LAUREN B. PEÑA, INDIVIDUALLY AND AS NEXT FRIEND TO HER MINOR CHILDREN, and on behalf of others similarly situated,<br>*Plaintiffs*<br><br>v.<br><br>THE CITY OF AUSTIN, ET AL.,<br>*Defendants* | § § § § § § § § § § § | No. 1:25-CV-01067-ADA-DH |

**ORDER AND REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:  THE HONORABLE ALAN D ALBRIGHT
     UNITED STATES DISTRICT JUDGE

The undersigned submits this report and recommendation to the United States District Judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court is Plaintiff Lauren B. Peña's Application to Proceed *in forma pauperis*. Dkt. 2. Because Peña requests permission to proceed *in forma pauperis*, the undersigned must review and make a recommendation on the merits of her claims pursuant to 28 U.S.C. § 1915(e).

I.  **REQUEST TO PROCEED *IN FORMA PAUPERIS***

The Court has reviewed Peña's financial affidavit and determined she is indigent and should be granted leave to proceed *in forma pauperis*. Accordingly, the

1

Court hereby GRANTS Peña's request for *in forma pauperis* status, Dkt. 2. The Clerk of the Court shall file the complaint without payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a). This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Peña is further advised that, although she has been granted leave to proceed *in forma pauperis*, a court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, the undersigned has made a § 1915(e) review of the claims made in this complaint and recommends that the District Judge dismiss Peña's claims under 28 U.S.C. § 1915(e). Therefore, service upon Defendants should be withheld pending the District Judge's review of the recommendations made in this report. If the District Judge declines to adopt the recommendations, then service should be issued at that time upon Defendants.

## II.   REVIEW OF THE MERITS OF THE CLAIM

Because Peña has been granted leave to proceed *in forma pauperis*, the undersigned is required by statute to review the complaint. Section 1915(e)(2) provides in relevant part that "the court shall dismiss the case at any time if the court determines that … the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*,

2

490 U.S. 319, 325 (1989); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327.

Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, pro se status does not offer a plaintiff an "impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Peña, on behalf of her minor children and a proposed class of similarly situated individuals, brings this lawsuit based on alleged systemic failure to "ensure compliance with federal disability access laws" and failure to protect Peña and her children from "discriminatory housing conditions, unsafe environments, and retaliatory treatment across both public housing and housing assistance programs." Dkt. 1, at 1. Through this case, Peña seeks declaratory and injunctive relief, compensatory damages, and a federal receivership against the City of Austin based on its violations of the Americans with Disabilities Act ("ADA"), Section 504 of the Rehabilitation Act, the Fair Housing Act ("FHA"), and for constitutional violations under Title 42 of the United States Code Section 1983. *Id.* at 2-3. As described below, Peña's claims should be dismissed under Section 1915(e)(2).

### A. Peña fails to state claims of discrimination under the ADA and the Rehabilitation Act.

To allege a prima facie case of discrimination under the ADA, Peña must demonstrate that: (1) she is a "qualified individual within the meaning of the ADA";

(2) she is "being excluded from participation in, or being denied benefits of, services, programs, or activities for which the public entity is responsible, or is otherwise being discriminated against by the public entity"; and (3) "such exclusion, denial of benefits, or discrimination is by reason of h[er] disability." *Melton v. Dall. Area Rapid Transit*, 391 F.3d 669, 671-72 (5th Cir. 2004). Similarly, to allege a prima facie case of discrimination under the Rehabilitation Act, Peña must allege that (1) she is an individual with a disability; (2) who is otherwise qualified; (3) to participate in a program or activity that receives federal funding; and (4) that she was discriminated against solely by reason of her disability. *Houston v. Tex. Dep't of Agric.*, 17 F.4th 576, 585 (5th Cir. 2021). Under the Rehabilitation Act, liability arises "only if the discrimination occurred 'solely by reason of [plaintiff's] disability,' not when it is simply a 'motivating factor.'" *See id.*; *Daywalker v. UTMB at Galveston*, No. 2240813, 2024 WL 94297, at *7 (5th Cir. Jan. 19, 2024).

Peña alleges that the Housing Authority of the City of Austin and the City of Austin violated the ADA and the Rehabilitation Act by "deny[ing], ignor[ing], or delay[ing]" the "multiple documented requests for reasonable accommodations" she has submitted since 2020. Dkt. 1, at 3. She also alleges that her apartment suffers from "black mold," "lack of accessibility for individuals with disabilities," and other "hazardous conditions." *Id.* The undersigned's analysis of Peña's claims under both statutes begins and ends with the causation requirement. Under the ADA, Peña must allege facts showing that the exclusion, denial of benefits, or discrimination occurred "by reason of" a disability; under the Rehabilitation Act, she must similarly allege

4

that such conduct occurred "solely by reason of" the disability. *Melton*, 391 F.3d at 671-72; *Houston*, 17 F.4th at 585. While Peña describes adverse apartment conditions and delays in responding to her accommodation requests, she alleges no facts connecting those circumstances to discriminatory intent based on disability. *See* Dkt. 1. Her pleadings identify only the existence of problems with her housing, without alleging that non-disabled tenants were treated more favorably or that her disability was the cause of the alleged conduct. *See id.*; *T.O. v. Fort Bend Indep. Sch. Dist.*, 2 F.4th 407, 417 (5th Cir. 2021) (affirming dismissal of Plaintiffs' ADA and Rehabilitation Act claims because Plaintiffs failed to plead facts that permitted the inference that Defendants' actions were "'by reason of [Plaintiff's] disability'—an essential element of a discrimination claim").

Because the complaint lacks factual allegations from which the undersigned could reasonably infer the required causal link between a disability and the alleged adverse treatment, Peña has failed to state a claim for discrimination under either the ADA or the Rehabilitation Act.

### B. Peña fails to state reasonable-accommodation claims under the FHA.

To state a claim under the Fair Housing Act ("FHA") based on Defendants' refusal to make reasonable accommodations necessary to afford disabled persons equal opportunity to use and enjoy a dwelling, Peña must allege all of the following elements: (1) that she is, or those she purports to represent are, disabled within the meaning of FHA, (2) that the defendant knew or should reasonably be expected to know of the disability, (3) that accommodation of the disability may be necessary to

afford the disabled person an equal opportunity to use and enjoy the dwelling, (4) that the accommodation is reasonable, and (5) that defendant refused to make the requested accommodation. *Chavez v. Aber*, 122 F. Supp. 3d 581, 595 (W.D. Tex. 2015).

As stated above, Peña alleges that the Housing Authority of the City of Austin and the City of Austin "denied, ignored, or delayed" the "multiple documented requests for reasonable accommodations" she has submitted since 2020. Dkt. 1, at 3. Additionally, she accuses Defendants of failing to "utilize or implement educational support programs and opportunities for residents, particularly those provided or recommended under the guidelines of the Texas Department of Housing and Community Affairs." *Id.* at 4. While Peña asserts that she submitted multiple requests for accommodations, she does not identify what specific accommodations she sought, how those accommodations were necessary to afford her an equal opportunity to use and enjoy her dwelling, or why they were reasonable. *See id.* She also fails to plead facts showing that Defendants refused those accommodations because of her disability. *See id.* Absent factual allegations showing her request for and Defendants' denial of a reasonable accommodation necessary to afford her an equal housing opportunity, Peña's reasonable-accommodation claims brought under the FHA should be dismissed.

C.  **Peña fails to state claims for retaliation under the ADA and FHA.**

To plead a prima facie case of retaliation under the ADA, a plaintiff must show that (1) she participated in an activity protected under the statute; (2) she suffered an adverse action; and (3) a causal connection exists between the protected activity

6

and the adverse action. *See Feist v. La. Dep't of Justice, Off. of the Atty. Gen.*, 730 F.3d 450, 454 (5th Cir. 2013). Similarly, to allege a prima facie case of retaliation under the FHA, a plaintiff must allege that (1) she engaged in an activity that the FHA protects, (2) she was subjected to an adverse action by the defendant, and (3) a causal connection exists between the protected activity and the adverse action. *Chavez*, 122 F. Supp.3d 581, 599. "Protected activities [under the FHA] include the request for a reasonable accommodation for handicapped persons." *Id.* at 599-600 (citing *Donovan v. Woodbridge Maint. Ass'n*, No. 2:14-cv-00995 JAM-EFB, 2015 WL 1241020, at *4 (E.D. Cal. Mar. 17, 2015)).

Peña alleges that since 2020, she has "submitted multiple documented requests for reasonable accommodations" and experienced "retaliation in the form of delayed repairs and other adverse actions for engaging in protected activity." Dkt. 1, at 3-4. She further claims that "multiple residents in her building have reported threats to their tenancy after asserting their rights under federal disability and housing laws," and that such practices are "widespread, affecting similarly situated residents"—including elderly and disabled individuals—across public housing, affordable housing, and Section 8 housing assistance programs. *Id.* According to Peña, in multiple properties operated by the Housing Authority of the City of Austin, elderly and disabled residents have been "trapped on floors above ground level for more than five weeks at a time due to non-functioning elevators." *Id.* She asserts that these residents have been "unable to leave their units, access food, attend medical appointments, or evacuate during emergencies." *Id.* Peña also alleges that an official

from the City of Austin's Code Compliance Division confirmed that "such elevator outages and accessibility violations are common across all properties managed by the Housing Authority of the City of Austin." *Id.*

Peña's retaliation claims fail because she makes no factual allegations connecting her accommodation requests to the "delayed repairs and other adverse actions" she alleges. Dkt. 1, at 3-4. Although she asserts that she requested unspecified accommodations and experienced adverse actions, she provides no non-conclusory facts indicating that Defendants retaliated against her for making such requests. *Id.* Her allegations describe elevator outages, threats to tenancies, and widespread accessibility violations affecting other residents, but these circumstances are pleaded as general conditions in Housing Authority properties, not as retaliatory acts targeted at her for engaging in protected activity by requesting accommodations. *See id.* Absent well-pleaded facts suggesting a causal link—such as temporal proximity, statements by decisionmakers, or differential treatment—her claims do not plausibly allege the third element of a prima facie case under either the ADA or FHA. *T.O.*, 2 F.4th at 417; *Reule v. Sherwood Valley I Council of Co-Owners, Inc.*, No. CV H-07-03170, 2008 WL 11463658, at *6 (S.D. Tex. June 13, 2008) (dismissing retaliation claims brought under the FHA where plaintiff failed to "marshal some factual allegation that shows Defendants' actions to be causally linked to Plaintiff's assertion of rights protected under the FHA").

Because Peña's allegations fail to plausibly establish the required causal connection, her retaliation claims under the ADA and FHA should be dismissed.

### D. Peña fails to state any claims under section 1983 for violations of her Fouteenth Amendment rights.

To state a Fourteenth Amendment due-process claim under section 1983, Peña must first identify a protected life, liberty, or property interest and then show that governmental action resulted in a deprivation of that interest. 42 U.S.C. § 1983; *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Baldwin v. Daniels*, 250 F.3d 943, 946 (5th Cir. 2001)). To plead an equal protection violation under section 1983, Peña must allege that (1) she was treated differently than persons similarly situated to her, and (2) that such treatment stemmed from discriminatory intent. *Williams v. Bramer*, 180 F.3d 699, 705 (5th Cir. 1999) (citation omitted). Discriminatory intent requires a showing that "the decision maker singled out a particular group for disparate treatment and selected his course of action at least in part for the purpose of causing its adverse effect on an identifiable group." *Id.*

Based on the allegations and analysis discussed above, Peña fails to identify any specific protected life, liberty, or property interest of which she was deprived, nor does she allege facts suggesting that any of Defendants' actions were motivated by discriminatory intent. *See* Dkt. 1. Her complaint contains no factual allegations that she was treated differently from similarly situated individuals, and no facts suggest that Defendants acted with the purpose of causing an adverse effect on a protected class to which she belongs. *See id.* Rather, Peña describes generalized grievances about building conditions and elevator outages that purportedly affect many residents, but she does not link those conditions to targeted, intentional discrimination against her or any identifiable group. *See id.* Absent such factual

9

allegations, Peña cannot establish either the deprivation element of a due-process claim or the discriminatory-intent element of an equal-protection claim. Peña's Fourteenth Amendment claims brought under section 1983 should therefore be dismissed.

### III. ORDER AND RECOMMENDATION

The undersigned hereby **GRANTS** Peña's application to proceed *in forma pauperis*. Dkt. 2. The undersigned **RECOMMENDS** the District Judge **DISMISS** Peña's cause of action against Defendants with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and **DISMISS** Peña's remaining pending motions as **MOOT**.

### IV. WARNINGS

The parties may file objections to this report and recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Judge need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after the party is served with a copy of the report shall bar that party from *de novo* review by the District Judge of the proposed findings and recommendations in the report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED September 11, 2025.

                                        DUSTIN M. HOWELL
                                        UNITED STATES MAGISTRATE JUDGE